# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| OSIEL RODRIGUEZ, ) | Civil Action No. 7:15cv00082 |
|     Petitioner, ) | |
| ) | **MEMORANDUM OPINION** |
| v. ) | |
| ) | By: Norman K. Moon |
| CHRISTOPHER ZYCH, ) | United States District Judge |
|     Respondent. ) | |

Osiel Rodriguez, a federal inmate proceeding *pro se*, filed a petition for writ of habeas corpus pursuant 28 U.S.C. § 2241, challenging a disciplinary proceeding that resulted in, *inter alia*, the loss of good conduct time. Respondent filed a motion for summary judgment, and Rodriguez responded thereto, making this matter ripe for disposition.[1] For the reasons stated herein, I will grant respondent's motion for summary judgment.

## I.

On November 20, 2014, while housed at United States Penitentiary at Lee County, Virginia, Rodriguez was issued an Incident Report, charging him with Disciplinary Code Violations 102(A): Attempted Escape, and 111(A): Attempted Introduction of Narcotics. At a hearing on these charges, Discipline Hearing Officer ("DHO") Rupert found that Rodriguez attempted to introduce narcotics but did not attempt an escape. DHO Rupert sanctioned Rodriguez with, *inter alia*, 41 days loss of good conduct time. However, DHO Rupert never completed a DHO Report of the hearing because, when he began to prepare the report, he noticed what he thought was an error in the facts section of the Incident Report. During the hearing, DHO Rupert thought that the Incident Report stated that drugs were to be sent to Rodriguez at the prison. However, after the hearing, DHO Rupert noticed that the Incident Report actually

---

[1] Respondent filed a motion to dismiss and attached affidavits and other documents, which I rely upon. Accordingly, I have converted respondent's motion to dismiss into a motion for summary judgment and given appropriate notice. Fed. R. Civ. P. 12(d).

stated that drugs were to be sent to another inmate. DHO Rupert believed that the statement in the report was a typographical error, but determined that the Incident Report did not give Rodriguez adequate notice of the charges against him because the facts as written in the Incident Report did not support the Attempted Introduction of Narcotics charge. DHO Rupert consulted with Special Investigative Services ("SIS") Lt. Duff and they agreed that the Incident Report should be rewritten. Lt. Duff rewrote the Incident Report to contain more details in support of the charges and clarify that the overall intent of Rodriguez's conduct was to escape from custody, not to introduce drugs into the facility. Thereafter, DHO Rupert felt that he was too involved in the matter and that his impartiality could be questioned if he were to conduct the rehearing. Accordingly, DHO Rupert contacted his supervisor, the Regional Discipline Hearing Administrator, who determined that it would be appropriate to have another DHO who had not been involved with the original hearing or Incident Report conduct the hearing. The rehearing was assigned to DHO McGee, who works in the Mid-Atlantic Regional Office in Maryland.

On December 23, 2014, Rodriguez received a copy of the rewritten Incident Report.[2] On December 28, 2014, Rodriguez was advised of his rights concerning the disciplinary process. On January 13, 2015, Rodriguez was provided a "Notice of Discipline Hearing Before the DHO" and advised of his rights concerning the DHO hearing. Rodriguez requested a staff representative and witnesses. On January 30, 2015, a hearing was held before DHO McGee and Rodriguez was represented by a case manager and presented three witnesses. DHO McGee determined that Rodriguez did attempt escape but did not attempt to introduce narcotics. DHO McGee imposed the exact same sanctions that had been imposed after the first DHO hearing, including the loss of 41 days good conduct time. DHO McGee prepared a DHO Report,

---

[2] The second Incident Report was assigned the same Incident Report Number, but the word "REWRITE" was placed at the top of the second report.

documenting his findings and the evidence.³  A copy of the DHO Report was given to Rodriguez, and he was advised of his appeal rights on February 25, 2015.

Rodriguez filed this § 2241 petition on February 15, 2015, ten days before he received the DHO Report.  Rodriguez states that the second DHO hearing was precluded, and thus illegal, based on the doctrines of collateral estoppel and *res judicata*.⁴

## II.

Respondent contends that Rodriguez's § 2241 petition should be dismissed because Rodriguez failed to exhaust his administrative remedies before filing this action.  Although § 2241 does not contain a statutory exhaustion requirement, courts consistently require federal prisoners challenging the execution of their sentences pursuant to § 2241 to exhaust administrative remedies before seeking review in federal court.  *See Timms v. Johns*, 627 F.3d 525, 531 (4th Cir. 2010) (concluding that, absent exceptional circumstances, prisoners must exhaust alternative remedies before seeking federal habeas relief); *McClung v. Shearin*, 90 F. App'x 444, 445 (4th Cir. 2004) ("Federal prisoners must exhaust their administrative remedies prior to filing § 2241 petitions."); *United States v. Odiana*, 7 F.3d 227, 227 (4th Cir. 1993) (finding administrative exhaustion required prior to filing § 2241); *see also United States v. Mercado*, 37 F. App'x 698, 699 (4th Cir. 2002) (approving dismissal of § 2241 petition for failure to exhaust BOP's administrative remedies prior to filing).  Failure to exhaust may be excused only upon a showing of cause and prejudice.  *McClung*, 90 F. App'x at 445.

---

³ Pursuant to policy, an inmate "will receive a written copy of the DHO's decision following the hearing." 28 C.F.R. § 541.8(h).

⁴ I note that Rodriguez specifically states that he is not challenging "any evidence in regard[ to the] disciplinary hearings," and his "guilt or innocence is not at issue here."

3

A federal inmate challenging a decision of a DHO must appeal to the Regional Director. 28 C.F.R. § 542.14(d)(2). If the inmate is dissatisfied with the Regional Director's response, the inmate then may appeal to the Bureau of Prison's Central Office. 28 C.F.R. § 542.15.

In this case, Rodriguez filed this action before he even received the DHO Report. Therefore, it is clear that he could not have exhausted his administrative remedies before filing this action. In addition, Rodriguez has not shown that he was prevented in any way from appealing the DHO Report. Nor has he demonstrated any other grounds to establish cause or prejudice necessary to excuse his failure to exhaust administrative remedies before commencing this action. Accordingly, the court concludes that Rodriguez did not exhaust his administrative remedies before filing his petition and, thus, respondent's motion for summary judgment shall be granted.

### III.

Even if Rodriguez had exhausted his administrative remedies before he filed his petition, his claims nevertheless fail. Rodriguez argues that the second DHO hearing was barred by the doctrines of collateral estoppels and *res judicata*. Collateral estoppel, or issue preclusion, bars subsequent litigation of legal and factual issues common to an earlier action that were "actually and necessarily determined" in the first litigation. *Montana v. United States*, 440 U.S. 147, 153 (1979); *Combs v. Richardson*, 838 F.2d 112, 114 (4th Cir. 1988). Thus, "collateral estoppel forecloses the relitigation of issues of fact or law that are identical to issues which have been actually determined and necessarily decided in prior litigation in which the party against whom [collateral estoppel] is asserted had a full and fair opportunity to litigate." *Sedlack v. Braswell Servs. Group, Inc.*, 134 F.3d 219, 224 (4th Cir. 1998) (internal quotation marks omitted). To apply collateral estoppel to an issue or fact, the proponent must demonstrate that: (1) the issue or

4

fact is identical to the one previously litigated; (2) the issue or fact was actually resolved in the prior proceeding; (3) the issue or fact was critical and necessary to the judgment in the prior proceeding; (4) the judgment in the prior proceeding is final and valid; and (5) the party to be foreclosed by the prior resolution of the issue or fact had a full and fair opportunity to litigate the issue or fact in the prior proceeding. *See id.*

*Res judicata*, or claim preclusion, provides that if a claim arises from the same cause of action as a claim already litigated, then the judgment in the first action bars litigation of the second claim. *See Nevada v. United States*, 463 U.S. 110, 129-30 (1983). Thus, "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981). For claim preclusion to apply, there must be (1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits. *See Nash County Bd. of Educ. v. Biltmore Co.*, 640 F.2d 484, 486 (4th Cir. 1981).

Rodriguez has not shown that either of these doctrines applies in the context of a prison DHO hearing. Also, there was no final judgment or determination in regard to Rodriguez's first DHO hearing. The only DHO Report produced was after the second DHO hearing. Accordingly, I conclude that Rodriguez's claims that the second hearing was barred based on collateral estoppel and *res judicata* must fail.

## IV.

Furthermore, before the court will issue a writ of habeas corpus, "the petitioner must demonstrate that he has suffered some prejudice as a result of the alleged constitutional violation . . . ." *Simpson v. Ortiz*, 995 F.2d 606, 609 (5th Cir. 1993) (citing *Brown v. Collins*,

5

937 F.2d 175, 182 (5th Cir.1991); *see Clark v. Maggio*, 737 F.2d 471, 475-76 (5th Cir. 1984) ("We do not grant a writ of habeas corpus in every instance in which the state has failed to conform to constitutional requirements."). In this case, the same exact sanction was imposed after the second DHO hearing as he would have received after the first DHO hearing. Accordingly, Rodriguez has not demonstrated how he was prejudiced by any alleged constitutional violation.

**V.**

For the reasons stated herein, the court grants respondent's motion for summary judgment.[5]

ENTER: This 11th day of February, 2016.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

[5] Rodriguez also filed a motion seeking a court order preventing the defendants from transferring him to another facility. Rodriguez has not demonstrated any basis for me to enter such an order and, therefore, his request is denied. *See Hewitt v. Helms*, 459 U.S. 460, 468 (1983); *Meachum v. Fano*, 427 U.S. 215, 224 (1976); *Gaston v. Taylor*, 946 F.2d 340, 343 (4th Cir. 1991); *Rezaq v. Nalley*, 677 F.3d 1001, 1016 (10th Cir. 2012).